UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ETIENNE TREPANIER-BOULAY,    )
      Petitioner           )
                                )
              v.                )   C.A. NO. 13-CV-30039-MAP
                                )
ZOEY GULMI-LANY,             )
      Respondent           )

MEMORANDUM AND ORDER REGARDING
RESPONDENT'S MOTION TO DISMISS
(Docket No. 6)

June 10, 2013

**PONSOR, U.S.D.J.**

    Petitioner, a citizen of Canada, seeks the return of his child pursuant to the Convention on the Civil Aspects of International Child Abduction ("the Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), codified in 42 U.S.C. §§ 11601-11610. Respondent has filed a Motion to Dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

    On June 10, 2013, counsel appeared for argument on the Motion to Dismiss. At the conclusion of the hearing, the court allowed the motion, setting forth its reasons orally. In summary, the basis for dismissal is as follows.

    It is axiomatic that a Petitioner bears the burden of proof in demonstrating the existence of jurisdiction. Respondent has challenged jurisdiction and set forth in her verified motion facts that, if accepted, conclusively

demonstrate that the child's habitual home is not, and never has been, Canada, as alleged in the petition.  Moreover, the sworn facts offered by Respondent demonstrate that the child was never wrongfully removed from Canada and that Petitioner has failed to exercise custodial rights.  None of the facts sworn to by Respondent has been, to any significant degree, contested by Petitioner despite the fact that the allegations are of such a grave nature that any parent would naturally contest them, if a contest were possible.  Beyond this, even the facts alleged in the petition demonstrate that Respondent removed the child from Canada, at a minimum, in September of 2012, for an indefinite period <u>with</u> the consent of Petitioner.

   The ICARA statute contemplates swift action by the court.  Resolution of the case has already been delayed excessively.  Given that the record conclusively demonstrates that the court lacks jurisdiction, the Motion to Dismiss (Dkt. No. 6) is hereby ALLOWED, without prejudice.

   Petitioner argued in court that he has not been given adequate time to contest the factual allegations contained in Respondent's verified motion.  This argument was offered despite the fact that Respondent's motion, including her verified factual allegations, has been pending for some

three months.  Petitioner suggested, without being specific, that a contest of some of the allegations contained in Respondent's motion might be possible, if he were now to take the opportunity to file his own counter-affidavit. With this in mind, the court's ruling is without prejudice. However, if Petitioner files a complaint in this court under this statute without an adequate jurisdictional basis a second time, the court is likely to impose attorney's fees and costs to reimburse Respondent.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge